570 P.2d 1309 (1977)
Muriel HANSEN and Carl Hansen, Plaintiffs-Appellants,
v.
MERCY HOSPITAL, DENVER, Colorado, Defendant, and
Belle Bonfils Memorial Blood Bank, Defendant-Appellee.
No. 76-741.
Colorado Court of Appeals, Div. II.
August 25, 1977.
Rehearing Denied September 15, 1977.
Certiorari Granted November 15, 1977.
*1310 Litvak & Karsh, P. C., Lawrence Litvak, Denver, for plaintiffs-appellants.
Hansen, Anstine & Hill, John L. Breit, Robert W. Hansen, Denver, for defendant-appellee.
STERNBERG, Judge.
In St. Luke's Hospital v. Schmaltz, 188 Colo. 353, 534 P.2d 781 (1975), the Supreme Court held that no action founded in strict liability or breach of warranty could be maintained against a hospital that supplied blood to a patient. This appeal raises the question of the applicability of that holding to a suit against a blood bank, as distinguished from a hospital.
Plaintiff Muriel Hansen contracted serum hepatitis after receiving a blood transfusion at Mercy Hospital. The blood had been supplied by the Belle Bonfils Memorial Blood Bank. She and her husband sued both the hospital and the blood bank alleging claims founded on negligence, breach of warranty, and strict liability. Applying St. Luke's Hospital v. Schmaltz, supra, the trial court dismissed the claim against Mercy Hospital. That judgment is not questioned. The negligence claim against the blood bank was dismissed and that action likewise is not appealed. However, relying upon Schmaltz, the court dismissed the strict liability and breach of warranty claims against the blood bank. This was error.
As was the situation in Schmaltz, supra, the transfusion in this case took place prior to the enactment of § 13-22-104, C.R.S.1973. That statute provides that hospitals and blood banks which supply blood may be held liable only for negligence or willful misconduct. In Schmaltz, while the contention was made that passage of this statute was evidence of a public policy existing prior to its adoption (see Schmaltz v. St. Luke's Hospital, 33 Colo.App. 351, 521 P.2d 787 (1974) (Enoch, J., dissenting)), that was not the basis for the decision of the Supreme Court, and therefore we may not give retroactive effect to the statute in this case.
The rationale underlying the Schmaltz holding was that, in the context of a hospital-patient relationship, when the hospital supplies blood for a transfusion the service attributes predominate over the sale aspects and thus no warranties are applicable. Similarly, the strict liability claim was rejected in Schmaltz because, as a prerequisite to application of Restatement (Second) Torts 402A, there must be a sale of the allegedly defective product. See Bradford v. Bendix-Westinghouse Auto Air Brake Co., 33 Colo.App. 99, 517 P.2d 406 (1973).
Therefore, to apply Schmaltz to blood banks, as the trial court did, is inappropriate. The sales aspect of hospital care is only incidental to the predominating service function performed by such an institution, but in the case of a blood bank the converse is true. Other courts facing the issue of liability of blood banks have reached conclusions *1311 similar to ours. See, e. g., Rostocki v. Southwest Florida Blood Bank, 276 So.2d 475 (Fla.1973); Jackson v. Muhlenberg Hospital, 53 N.J. 138, 249 A.2d 65 (1969); Carter v. Inter-Faith Hospital, 60 Misc.2d 733, 304 N.Y.S.2d 97 (1969).
Because lack of privity no longer presents an obstacle to recovery for breach of implied warranty, see § 4-2-318, C.R.S. 1973; Hiigel v. General Motors Corp., Colo., 544 P.2d 983 (1975), an action may lie against the blood bank on that theory. See also § 4-2-314, C.R.S.1973. Similarly, because there was a sale here, the doctrine of strict liability in tort is a viable alternative ground for recovery. See Hiigel v. General Motors Corp., supra. But see Restatement (Second) Torts § 402A, comment k, which, if followed, would provide a complete defense should the evidence establish that it is impossible to detect serum hepatitis in blood.
Judgment reversed and cause remanded with directions to reinstate the complaint against the blood bank.
VanCISE, J., concurs.
ENOCH, J., dissents.
ENOCH, Judge, dissenting:
I respectfully dissent for the same basic reasons I stated in Schmaltz v. St. Luke's Hospital, 33 Colo.App. 351, 521 P.2d 787, rev'd, 188 Colo. 353, 534 P.2d 781.
I will not restate these reasons except to emphasize that I consider the public policy enunciated in § 13-22-104, C.R.S.1973, to be merely a codification of the public policy in existence at the time of enactment of that statute in 1971, rather than a limitation or alteration of the policy existing prior to enactment.
The majority attempts to distinguish our Supreme Court's reversal of the majority opinion in Schmaltz on the basis that the Supreme Court was only precluding strict liability and breach of warranty claims because it found a hospital transfusion to be a service rather than a sale of blood. However, in distinguishing the present case from the Supreme Court's holding in Schmaltz on the basis a sale occurred here, the majority ignores the statement of the Supreme Court which equates blood banks with hospitals, to wit: "Clearly the majority of jurisdictions deny such [warranty or strict liability] claims against hospitals or blood banks . . .."
Furthermore, the Supreme Court expressly acknowledged that it would be questionable wisdom to extend, in the face of a recently adopted statutory pronouncement to the contrary, the doctrines of strict liability in tort and breach of warranty to encompass transfusions.
By imposing liability without fault in the present case, and treating blood for transfusions as any other commodity sold to the public, I find the majority's opinion to be counter to both the tenor, if not the exact holding, of our Supreme Court's opinion in Schmaltz, and the codification of existing public policy in § 13-22-104, C.R.S.1973. Therefore I would affirm the judgment.